# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICKY LYNN NEWTON,<br><br>            Plaintiff,<br><br>     v.<br><br>KEN CLARK, et al.,<br><br>            Defendants.<br>_____ / | Case No. 1:09-cv-00133-AWI-DLB (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION WITH PREJUDICE FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED<br><br>(Doc. 19)<br><br>OBJECTIONS DUE WITHIN 30 DAYS |

**I.      Findings and Recommendations**

Plaintiff Ricky Lynn Newton ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed his original complaint on January 22, 2009.  (Doc. 1.)  On May 8, 2009, the Court dismissed the complaint with leave to file a first amended complaint with thirty days.  (Doc. 13.)  After receiving an extension of time, Plaintiff filed his first amended complaint on July 6, 2009.  (Doc. 19.)

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a

claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Id.

## II.     Summary of First Amended Complaint

Plaintiff is currently incarcerated at Folsom State Prison. Plaintiff was previously incarcerated at California Substance Abuse and Treatment Facility ("SATF") in Corcoran, California, where the events giving rise to this action allegedly occurred. Plaintiff names as defendants: warden Ken Clark M. Ancheta, DDS, L. Metzler, DDS, Franous, Supervising DDS, and R. Kifer, Supervising DDS.

Plaintiff alleges the following. Defendants failed to provide or complete dental treatment for Plaintiff for over two years. On February 14, 2008, Defendant Metzler burned Plaintiff's mouth with a dental tool for approximately half an hour, causing blistering heat and burning the inside and outside of Plaintiff's mouth, including Plaintiff's lips, tongue, and gums. As soon as Plaintiff was injured, the dental instruments at the facility were all replaced. Plaintiff was given topical salve for the burns. Plaintiff had blisters for two weeks and eating was very painful during this time. Plaintiff alleges that defendants were deliberately indifferent.

Plaintiff alleges a violation of the Eighth Amendment and seeks preliminary and injunctive relief, and damages.[1]

///

---

[1] Plaintiff also requests attorney's fees. Plaintiff's request for attorney's fees is denied. As a pro se litigant, Plaintiff is not entitled to attorney's fee pursuant to 42 U.S.C. § 1988. See Friedman v. Arizona, 912 F.2d 328, 333 n.2 (9th Cir. 1990).

### III. Discussion

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain . . . ." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. Id.; see Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986), abrogated in part on other grounds by Sandin v. Connor, 515 U.S. 472 (1995); Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982). Where a prisoner alleges injuries stemming from unsafe conditions of confinement, prison officials may be held liable only if they acted with "deliberate indifference to a substantial risk of serious harm." Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

The deliberate indifference standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious . . . ." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)); Johnson v. Lewis, 217 F.3d 726, 734 (9th Cir. 2000). A deprivation is sufficiently serious when the prison official's act or omission results "in the denial of the minimal civilized measure of life's necessities." Farmer, 511 U.S. at 834 (quoting Rhodes, 452 U.S. at 347). Second, the plaintiff must make a subjective showing that the prison official knew of and disregarded an excessive risk to an inmate's health or safety. Id. at 837; Johnson, 217 F.3d at 734.

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980), citing Estelle, 429 U.S. at 105-06. "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106; see also Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995); McGuckin v. Smith, 974 F.2d 1050, 1050 (9th Cir. 1992), overruled

1 on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).
2 Even gross negligence is insufficient to establish deliberate indifference to serious medical needs.
3 See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).

4     Delays in providing medical care may manifest deliberate indifference. Estelle, 429 U.S. at
5 104-05.  To establish a claim of deliberate indifference arising from delay, a plaintiff must show
6 that the delay was harmful. See Berry v. Bunnell, 39 F.3d 1056, 1057 (9th Cir.1994) (per curiam);
7 McGuckin, 974 F.2d at 1059; Wood v. Housewright, 900 F.2d 1332, 1335 (9th Cir.1990); Hunt
8 v. Dental Dep't, 865 F.2d 198, 200 (9th Cir.1989); Shapley v. Nevada Bd. of State Prison
9 Comm'rs, 766 F.2d 404, 407 (9th Cir.1985) (per curiam).

10     Plaintiff has not cured the deficiencies identified by the Court in its previous screening
11 order.  Plaintiff was informed that the allegations in his original complaint amounted at most to
12 negligence by defendant Metzler, and did not state a cognizable § 1983 claim.  The allegations in
13 Plaintiff's first amended complaint again amount at most to negligence.  Plaintiff fails to allege any
14 facts that indicate defendant Metzler new of and disregarded an excessive risk to Plaintiff's health
15 or safety.  Plaintiff adds the legal conclusion that defendant Metzler's actions amounted to
16 deliberate indifference.  However, "[a] pleading that offers 'labels and conclusions' or "a
17 formulaic recitation of the elements of a cause of action will not [suffice].'" See Iqbal, 129 S. Ct.
18 at 1949 (quoting Twombly, 550 U.S. at 555).

19     Plaintiff also fails to state a claim against all the other defendants.  Plaintiff has not linked
20 any of these defendants to an act or omission that indicates a violation of Plaintiff's constitutional
21 or federal rights.  To state a claim under § 1983, a plaintiff must allege that (1) the defendant
22 acted under color of state law and (2) the defendant deprived him of rights secured by the
23 Constitution or federal law.  Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir.
24 2006).  Plaintiff fails to plead any facts that indicate any defendants caused a violation cognizable
25 under § 1983.

26 **IV.    Conclusion and Recommendation**

27     Plaintiff fails to state any cognizable § 1983 claims against any defendants in his first
28 amended complaint.  Leave to amend was previously granted and Plaintiff was provided with the

legal standards for the claims that govern his action.  However, Plaintiff was unable to cure the deficiencies in his complaint.  The Court recommends that Plaintiff not be given any further leave to amend.  See Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

Based on the foregoing, the Court HEREBY RECOMMENDS the following:

1. This action be dismissed with prejudice for failure to state a claim upon which relief may be granted under § 1983; and

2. The dismissal count as a strike pursuant to 28 U.S.C. § 1915(g).

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30)** days after being served with these Findings and Recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **November 12, 2009**             /s/ **Dennis L. Beck**
                                          UNITED STATES MAGISTRATE JUDGE